Please rise. The court is now in session. Please be seated. Madam Clerk, call the case. Case number 315-0329. People of the State of Illinois at the lead by Gary Benitovich versus Tyrone Hopkins, appellant by Thomas Corrales. Counsel, please proceed. Good afternoon, Your Honors. I'm going to please the court. Counsel, I'm Tom Corrales with the Office of the State Appellate Defender and I represent Tyrone Hopkins. This appeals from the dismissal of the defendant's post-conviction petition on the State's motion, so at the second stage of post-conviction proceedings in Peoria County. And we've raised a single argument here, which is whether the defendant received reasonable assistance in those proceedings from the retaining counsel who filed the petition on Mr. Hopkins' behalf. This court is quite familiar with challenges such as the one we've raised in this case. It's issued a number of published and unpublished decisions dealing with the adequacy of a post-conviction attorney's shaping of claims in a post-conviction proceeding. The twist on the argument here is that it's covered by the decisions of the Supreme Court in Cato and this court's 2016 opinion in Grosick, since the attorney who was providing the representation in the trial court was retained as opposed to an appointed attorney. Now, I want to start by trying to clear away some of the legal clutter that's been created by the State's arguments. One, that the defendant is unable to clear a res judicata, a waiver hurdle that doesn't really exist in this case. And two, that because the State is so certain that there is no possibility of ultimately succeeding on either of the claims in the post-conviction proceedings, there's no need to remand this case for counsel to provide reasonable representation. The reason the res judicata bar does not apply in this case is because post-conviction counsel was not really re-litigating a claim that should have been or could have been presented on direct appeal. It was a claim of ineffective assistance of trial counsel that was not supported by matters that were entirely on the record at the time of the direct appeal. Post-conviction counsel recognized this and explained that she was not re-litigating anything that should have been part of the direct appeal, but then mysteriously failed to present the support that she told the post-conviction judge was not on the record. So there was no support for the claims that counsel specifically said didn't exist on the record at the time of the direct appeal. That cannot be a res judicata or waiver for not having been part of the direct appeal. And then the second red herring, I guess, is that the prospect for success ultimately on this ineffective assistance of trial counsel claim is not an appropriate consideration when this court is reviewing an argument that challenges post-conviction counsel's reasonableness in representing the defendant. A merits-based consideration of the claims in a post-conviction petition are dependent on the adequate and full presentation of these claims. And that includes a detailing by counsel in the post-conviction proceedings of how both performance and prejudice components of the test for ineffective assistance of trial counsel are satisfied. Now Grosick makes this very clear. You do not adequately put forth a claim of ineffective assistance of trial counsel by covering just one or the other of the two strickland prompts. When a post-conviction attorney does that, it just gives the state an easy motion to dismiss, and it makes for an easy time for the trial judge to dismiss the petition. Well, what claims are you trying to raise in post-conviction that couldn't have been raised on direct appeal? What would a ballistics expert have to say about the trajectories and timings of the bullets? Do you think that's really beyond the can of laypeople to know that if you're standing here and bullet holes are up there, that where they're shot from, do you really need expert testimony to talk about trajectories of bullets with straight lines? I would say apparently in this case, yes, because there's no way that one gun could have fired these bullets. So in this case, the expert would maybe help the jury to understand how one bullet from the front of the front yard could go into the head of a person at the front gate, and other bullets hit sideways into the siding of the porch when they're fired in fairly quick succession. I think an expert would have explained to the jury, could have, that the bullets that were lodged in the ceiling of the porch siding had to have come from a totally different location from where the defendant was standing. And the state's own evidence showed that all bullets recovered came from one firearm, although the firearm was never recovered. Well, I see that that's not quantum physics. If somebody's standing here, you can't shoot there and there, or up there and there. Isn't that something that lay people can understand? Well, again, the claim here is directed at, was the post-conviction allegation supported? And one specific allegation was there was no expert called that could have made a difference, and the counsel did not even give the proposed name of an expert. I mean, so generally speaking, a claim that a witness should have been called requires an affidavit from the witness. I think your questions may go to the ultimate success, which is what the state is trying to argue here. Well, but in the same way with the testimony, you say that somebody else was going to testify if he was a shooter? That was more of a direct appeal argument under the Chambers v. Mississippi. We had witnesses who defense counsel was attempting to present that would have given testimony to an admission that Sam Trapps gave. In the post-conviction petition, the argument was related more to post-conviction counsels not forcing Sam Trapps to come to the trial and take the witness stand. And again, there was no affidavit other than one from Amartya Harris that indicated that which was already known on the direct appeal record, that Sam Trapps was in the courthouse one of the days of the trial. Okay. And yeah. And does anybody think Sam Trapps is going to file an affidavit or come and testify that he was a shooter? Well, the Post-Conviction Hearing Act says you provide the affidavits or explain why they're not available. Neither was done here. Post-conviction counsel did not explain why Sam Trapps was not willing to confess to her on paper. And nor did she get the affidavit from Sam Trapps confessing to her. So she didn't either. It still makes for an unreasonable kind of a shell game for post-conviction counsel to pull on the trial court. And the trial court's pointer, I was just rereading it, it says, you know, the motion to reconsider the dismissal fails to address the infirmities of the petition and the supporting documents outlined by the court. So even in the motion to reconsider, post-conviction counsel didn't do what the trial court said. You know, you failed to do this. And I have no choice but to dismiss your petition because you're not covering the things that need to be covered. So counsel failed to get a confession from somebody else? Well, the argument is that the original trial attorney, Mark Rose, was ineffective for not calling Sam Trapps to essentially see what would have played out. My response is somewhat unjust to Justice Schmidt. The ultimate support for that claim would have been, hey, Sam Trapps was willing to come and take the fall for this. But the argument is that trial counsel failed to put Sam Trapps on the stand. But, I mean, for crying out loud, come on, do you think the guy's going to get on the stand like Perry Mason and confess? But if he's going to do anything, he's going to say, yeah, he did it. And so there's a good reason not to call him because there might be one more witness saying the defendant did it. It wasn't me. So that sounds like the evidentiary hearing decision of a post-conviction judge. You're still jumping ahead to what would ultimately... Do we need an evidentiary hearing to say, out in the middle of this cornfield at midnight it was dark? I mean, you know... No, but there hasn't been an opportunity to address whether a substantial... A substantial showing of a constitutional violation is what is required to get to an evidentiary hearing when the petition has fully presented adequately shaped claims. When they're not adequately shaped, you don't have to address whether there's a substantial showing. You simply dismiss it on a procedural default, a procedural mistake by post-conviction counsel. Suarez, Turner, Perkins, Johnson, the Supreme Court cases all say you don't consider whether or not it would have been an exercise in futility for post-conviction counsel to do their job. What we're concerned about here is the doing of the job. So, again, I go back to the earlier comment I made. A merits-based determination has to await a proper presentation of the claims. Another thing to keep in mind is, and this Court has dealt with this issue in numerous instances, is the remand here is not for an evidentiary hearing. The remand here is not for a new trial to get Sam Travis to come testify. The remand is for the same stage that we're here on, a second stage proceeding, where the claims can be appropriately shaped. As this Court said in Grosset, which was a private counsel post-conviction case, when the defendant alleges ineffective assistance of trial counsel in a post-conviction petition, counsel must make sure the petition includes allegations supporting both prongs of Strickland. If the petition contains only allegations of deficient performance, post-conviction counsel must amend the petition to allege that trial counsel's performance affected the outcome. So if that hasn't happened, if that precursor to deciding whether or not a substantial showing of a constitutional violation has been made, then the remand is simply to give counsel that order, that direction, that you need to make a fully ripe or presentable post-conviction claim of ineffective assistance. Then we'll decide whether or not this wouldn't have amounted to prejudice. And again, why couldn't... I still can't figure out why these couldn't have been raised on direct appeal. Well, in terms of whether or not counsel should have called a witness, whether it be Sam Trapps or an expert in trajectory analysis, that claim would have been rejected as undeveloped because I'd be speculating. And it was me who did the direct appeal. I could not make an argument that counsel at the trial level did not present witnesses where I'm not able to present what the names of those witnesses are or what the effect of their testimony would have been. We made the reasonable doubt argument based on that common sense type analysis of how in the world could this guy have fired a gun and then thrown the gun over and made it fire from another location. That failed. But this argument on post-conviction has to do with failure to call an unknown person who has some physics expertise. That would not be appropriate to raise in direct appeal because it would have been speculative. It would have been rejected as a conclusory claim without any support. In each, which is the case I cited in the opening brief before the Supreme Court resolved the issue of which types of ineffective assistance of trial counsel claims can be considered on direct appeal or should wait for post-conviction. Even though the Supreme Court reversed the factual determination of the Fourth District as to whether or not there was enough support for the claim in the direct appeal, the holding is essentially the same as this Court's Parker decision, which the State and I have fought over, which is that if it's not developed, it has to wait. And here, I think, as post-conviction counsel told Judge Brown that the matters that I'm trying to get before you in an evidentiary hearing were not part of the record on direct appeal. Two minutes, please. Thank you. They weren't there on direct appeal. They're not there now. So it's true that they were premature to raise on direct appeal, but it's untrue that you should have given an evidentiary hearing. In a sense, most of these cases involving incomplete allegations by post-conviction counsel amount to kind of a request for an opportunity to shore up the claims at an evidentiary hearing when you have to do more at the second stage hearing. You have to adequately plead the claim to show a substantial violation of rights. And in this case, counsel is just saying, give me my chance. What was the scope of the awareness of traps at the direct appeal? At the time of the direct appeal? Yes. At the time of the trial. Yeah. At the time of the trial, the state put on the record that they noticed that someone said to the prosecuting attorney they saw him in court on one or the other of the early days. What was the scope of the knowledge of what trap knew or what trap was saying? Oh, Attorney Rose tried to present evidence of assertions that traps made, confessing to being the one who fired the shots. Right. That's the answer. I'm not sure what the question is. So there was an awareness that traps was confessing, I guess. To people outside of the courthouse. That's correct. So there was that awareness. Yes, there was. That adequately covers your questions. And as far as the expert testimony, there might not be a name attached to so-called the expert, but there was an awareness that if there was a felt need to develop, to want to put on an expert to a trajectory analysis, people find experts all the time for that, right? You don't always have a name. You can find an expert. I think so. I think so. I mean, that covers, I think, maybe the performance part of an allegation. You just find an expert. Right, right. If you want to do that and you think there's a need for that, you just go out and hire somebody, right? Right, right. But to address the follow-up of what do you do with that undirected appeal, how do I show prejudice? I can't say what the testimony would have been that wasn't sought out. And to not be able to say what the testimony would have been is to not be able to make a prejudice argument. It's speculative. Your expert might not have helped you one bit. Thank you. Thank you, counsel. Counsel. May I please the court, counsel? So in assessing reasonableness post-conviction counsel's actions, I guess there's a fine line between trying to assess the reasonableness of what they did or didn't do and making this evidentially finding, as counsel was arguing here. Because in my brief, I haven't argued that because the allegations are meritless, therefore there's no reason to deem it. What I'm trying to say is basically trying to assess what they claim post-conviction counsel didn't do that she should have done. Now, before addressing that, what I'd like to first say is that I've argued, and one of the things that I said in the brief, I'm going to read it real quick, what I said, is that the human being defendant argues this court should remand this cause for a new second stage proceedings without attempting to independently review the merits of the arguments that were presented to this court. That's the defendant's brief at page 223. What the defendant's trying to do, he's trying to take and not look at what happened in the court of the PC and how it was decided, but we just have to take and assess whether or not counsel was, whether or not counsel's representation was reasonable. And what I said to that is I go, however, if what action defendant prefers post-conviction counsel should have done would not change the result that was reached based on what post-conviction counsel did do, what purpose is to be served by remanding this case for a new second stage proceeding for counsel to do what defendant claims should have been done but the result will be the same? I'm not arguing there. I'm not trying to suggest that the judge has still taken fine that, well, Trapps was not a good witness or that Trapps this or the expert. I'm not going to believe his testimony. I'm not talking about him. What I'm talking about is what counsel would have done. Now, we have to take a look at what the issues are. Sam Trapps, he was a state witness to begin with. He was subpoenaed, excuse me, he wasn't subpoenaed. They had an arrest warrant out for him. They couldn't find him. Defendant never subpoenaed him. Defense counsel never subpoenaed him. What the trial judge found is, based on that, chances are more than likely what? Sam Trapps had testimony that wasn't going to say I shot him. It was going to say that he shot him. So the state was going to put him out. So the state wanted to try to find him. So when we take a look, the allegation is made that there's a failure to call Trapps and ask for a continuance. Okay? And that he claimed actual innocence based on the fact he wanted a new trial in order to quote, unquote, force Sam Trapps to testify and bring forth the fact that he was a shooter, not the defendant. Now, that's the allegation. Those are the two of the three allegations. How do you take and get an affidavit from Sam Trapps or anybody else? It can't be anybody else. It's got to be Sam Trapps that I shot and killed, and I don't believe. Not going to happen. And so is she going to be able to get an affidavit from defense counsel? Well, if defense counsel had any idea as to what Trapps was really going to testify to, I don't think defense counsel is going to give an affidavit. So what else? I'm standing now in her shoes. What else could she take and do to provide that they can support this allegation other than saying that counsel's failure to call him was ineffective? The fact that he was supposedly telling other people outside that he was the shooter, that was determined by this court in the original appeal not to be a declaration against a penal interest. So it can't be used as substantive evidence. It can only be used to impeach at best. All these other witnesses who said that this is what he said. So, again, I ask, what else could post-conviction counsel do to provide reasonable assistance on this allegation other than making the allegation, trying to get to a third stage in order to get defense counsel on the stand in order to ask defense counsel whatever questions she wanted to ask? Nothing. Now, this is what, in looking at the trial judge's decision, the trial judge made these same findings. It wasn't just the fact that this thing was not supported by affidavit, et cetera, all the procedural stuff. He subsequently looked at it in addition to the procedural problems or the pleading problems that exist or supposedly exist. So, with respect to traps, there is forfeiture because it was clearly plain on the record. It could have been raised on appeal. It was not. The PC, basically, is to address constitutional issues that were not and could not have been raised. This issue obviously could have been forfeited, but if not forfeited, counsel did the best that she could with what she had. With respect to the second issue, or the other issue, the third issue actually raised in this PC, was the failure to secure an expert on bullet trajectory and the improbability of the defendant being a shooter. And, again, with this one, standing in counsel's shoes, what she was arguing is, of course, and this, too, was obviously on the record because defense counsel, in a closing argument, basically consumed three pages of the record in describing and arguing this very thing, as Your Honor pointed out, the trajectory. Standing here, bullet over this way, bullet that way, whatever. Basically, common sense. In argument on appeal, I believe it's 23 to 24, 24 to 25 in defendant's plea. Basically, it makes the same common sense argument in the plea in an effort to try to say why they need an expert. You don't need an expert. In order to take and tell where a bullet has come from or whether or not somebody could have done it here, could have done it there, or what have you. And so, the whole thing is, with respect to the argument, the argument here is all based on the belief that an expert in bullet trajectory is going to somehow be able to acquit the defendant. But there's also the distinct possibility that the bullet expert on trajectory could come up with either a different opinion or an inconclusive one. Now, if defense counsel had brought that out and had come up and the expert had been inconclusive, that would have done nothing more than weaken his argument. So, I know I'm looking back, not at the facts, but as post-conviction counsel is looking at this, I'm not going to be able to get an affidavit from defense counsel as to why he didn't. And I really don't need to take and name a specific expert. This isn't a case where they're saying that I have, Bill Smith is going to be able to take a testify to this and not supply his affidavit. Something along the lines of, I saw, you know, this defendant wasn't even at the scene at the time of the shooting or something like that. The point is, in this case, because you're talking about an expert and you're talking about a specific, this trajectory business, okay, you don't need to name the expert. You don't need to have that evidence yet. What you're saying is, it was the fact that counsel didn't even go out and get one or seek one. That's the problem. It's not so much what the opinion is, it's what he didn't do. What can post-conviction counsel supply other than making the allegation and trying to get to a third stage, trying to get the judge to agree that, yeah, basically, counsel was ineffective for not doing that because, and the because was, it could show conclusively, possibly, potentially, that it would, and show that defendant couldn't have shot that bullet in that rooftop from that angle. So, basically, what I tried to show in the brief is that post-conviction counsel did what she could in order to put these allegations in proper form to comply with Rule 651. And so, that being said, I think that, under the facts of this case, I think that PC counsel provided the reasonable level of assistance, as best as she could, and that this court should affirm the second stage dismissal. If there are any questions, I'll be happy to respond. Doesn't that give rise to a frequent suggestion that there were two shooters? If you take a look at it from what you said, yes, but there's also other evidence that... So you don't agree that there was... No, I don't agree that there was two shooters because, obviously, the evidence, from what you say, if you just look at the evidence cold like that, it is susceptible. But there's also the fact that the defendant's own testimony was he was, supposedly, he was moving. He himself claimed he was moving. He wasn't just stationary. And so, based on, again, based on other factors, based on other things that might come out in the record, okay, there is a possibility. I'm not going to say anything is impossible because I found out why things are possible. No matter how improbable they might be, there's always that distinct possibility. But if the ballistics said the bullets retrieved were fired from the same gun... Mm-hmm. So if there were two shooters... Well, that's true. It would be different. It would be different. It's a logical conclusion. Somebody with the gun is moving as they're shooting. That's the logical conclusion to be drawn. Any other questions? I'll be happy to respond if not. Thank you, Elmer. I think there's two points I'd like to make in rebuttal. So the state is continuing to argue forfeiture applies here. That doesn't help matters when we're looking at an issue that is raising post-conviction counsel's reasonableness because then you run right into the Turner decision from 1999. Where was the allegation of ineffective assistance? I mean, if there's an argument that should have been raised on direct appeal, that's exactly what happened in Turner, except for it was dismissed because of forfeiture. Here, the trial judge didn't dismiss it because of forfeiture, but before this Court thinks about finding that it was forfeited, it should ask the question, would Maureen Williams should have put that in the petition? Should that have been part of the claim here? Other than saying, no, this was adequately developed. In the record, she should have made a secondary argument, but if you find it was, then it must be ineffective assistance on the part of direct appeal counsel. So there's still a failure to present an adequate petition. Well, would it necessarily be ineffective assistance to say post-conviction counsel or direct appeal counsel didn't go out and get an affidavit from Santa Traps that he was the killer? I mean, come on. I'm referring to the argument that some of these claims against trial counsel should have been raised in direct appeal. So that necessitates an amendment to the petition to allege that then you have a double ineffectiveness, one against the trial attorney and a second one against the appellate attorney. Now, that's going away. Again, a return to the relief. Second stage do-over, almost like a 604D noncompliance, just a do-over of that hearing to determine whether or not you've made adequate claims in your post-conviction petition, not to have them dismissed on a procedural grounds. But they don't have to raise, it's not ineffective to fail to raise meritless claims, is it? No, but that was addressed in the Russell decision that I had before this court. That argument doesn't carry when you look at Suarez and Turner itself. We're looking at whether or not reasonable representation has any value. And so you don't talk about whether or not the claims were good enough to get to an evidentiary hearing. You talk about whether or not they could survive a motion to dismiss on a procedural level. So addressing whether or not there's merit to the claims, that can be the second stage dismissal the next time, after counsel does her duty under the rule. But this time, if you look at the order that dismissed this petition, it was based on inadequacies in the petition. That's the quintessential problem with reasonable representation. And the last thing I want to just close with is, you know, this court's aware of the importance of a fully litigated first post-conviction petition. How hard is it to get a successive petition? If this petition is lost and it's affirmed now, what luck does the defendant hope to have trying to argue later that, well, I had unreasonable representation and ineffective assistance of my appellate attorney in a successive petition? I think that's behind the Supreme Court's decision in having a hardline rule of insisting on reasonable representation by post-conviction counsel so that we can't have a problem with the adequacy of the first post-conviction proceedings where a defendant is going to continue to try and litigate this in a new collateral petition. So I ask that you would find unreasonable representation and remand for a new second stage proceeding. Thank you. We'll take this case under advisement and a record of decision. And we'll take a break now for our panel of panelists. We've got sports fans here.